## Ex Parte George Henson.

### No. 3188.    Decided December 20, 1905.

**Habeas Corpus—City Ordinance—Peddling in the Streets of City.**

A city ordinance which provides that it shall be unlawful for any person to peddle or in any other manner sell any kind of merchandise on certain streets in a city incorporated under the general corporation act provided for cities of less than ten thousand inhabitants, and which is passed under articles 419 and 428, Revised Civil Statutes, which articles vest the city with the exclusive control over the streets and gives authority to tax, regulate and suppress peddlers, etc., is a valid ordinance, and said provisions with reference to peddlers and the sale of merchandise, are distinct and separable—suppressing peddling being the leading object of the ordinance; and the Legislature had the power to confer on towns and cities the power to regulate and prohibit peddling within their jurisdiction; and this although the State may have licensed peddlers.

From Hunt County.    .

Original application for habeas corpus for release from arrest under a city ordinance.

The opinion states the case.

*Bennett & Spearman,* and *Jones & Conner,* for appellant.—On question that a city ordinance must be reasonable: Lynn v. State, 33 Texas Crim. Rep., 153; Ex parte Battis, 40 id., 112; Ex parte Patterson, 1 Texas Ct. Rep., 90; Ry. v. City of Dallas, 11 id., 956; Dillon on Municipal Corporations, sec. 319.

*Howard Martin,* Assistant Attorney-General; *L. L. Bowman,* City Attorney, for respondent.—On question of Legislative power: Article 428, Revised Statutes of Texas; Dill Mun. Corp., 4th ed., sec. 328, and note thereunder; Cooley's Const. Lim., 6th ed., 742 and 745; 8 Cyc. Law & Procedure, p. 891, sub. 8; Commonwealth v. Gardner, 19 Am. St. Rep., 615; Shelton v. Mobile, 68 Am. Dec., 143.

The ordinance in question is a reasonable exercise of delegated power. 15 Am. & Eng. Ency. Law, 2nd ed., p. 292; Commonwealth v. Gardner, 19 Am. St. Rep., 647; Ex parte Vance, 62 S. W. Rep., 568; Ex parte Gregory, 20 Texas Crim. App., 210; Waco v. Powell, 32 Texas, 258.

HENDERSON, Judge.—Applicant was arrested under proper complaint charging him with violating an ordinance of the city of Greenville; sued out before this court an original writ of habeas corpus after writ had been refused by the local courts, claiming that the ordinance under which he was arrested is void and of no effect. Said ordinance is, as follows:

"An Ordinance Prohibiting the Peddling and Selling of Merchandise Within Certain Limits:

Section 1. Be it ordained by the city council of the city of Green-

Vol. 49 Crim.—12.

ville, Texas, that it shall hereafter be unlawful for any person to peddle, or in any other manner sell any kind of merchandise, patent medicine or nostrum on the Public Square and the following streets: Lee street from the M. K. & T. R. R. to Gordon street; Washington street from Wesley to Stuart street; Stonewall street from Crockett to Jordan; Johnson street from Pickett to Jordan; St. John street from Washington to Jordan; 'Pickett street from Johnson to St. John.

Sec. 2. Any person who shall violate any provision of this ordinance, shall upon conviction be fined in any sum not less than $1 and not more than $25."

In this connection it is proper to state that the city of Greenville was incorporated under the general corporation act provided for cities of less than 10,000. And article 419, Revised Civil Statutes, of said general act vests the city with the exclusive control and power over the streets, alleys, and public grounds and highways of the city, and to abate and remove encroachments and obstructions thereon, etc. Article 428 gives authority to such cities to license, tax and regulate, or suppress and prevent hawkers, peddlers, pawnbrokers, etc. These are the articles under which the city assumed to pass the ordinance in question. The statement of facts further shows that the effect of the ordinance is to prohibit persons from following the vocations prohibited in said ordinance, on the public square and all the principal streets of said city. It is further shown that applicant was employed by W. M. Marshall, a fruit dealer in said city, to haul in a wagon and sell therefrom over the streets and the public square of Greenville, oranges, apples and bananas, and that his manner of doing business was to drive about from place to place, sell his merchandise from the wagon, return to the warehouse, reload and go out again. This is all that is necessary to be stated in order to present the questions to be discussed.

Applicant contends that the ordinance in question is not severable; that is, that it makes unlawful not only the sale of goods by peddling, but all other characters of sale of merchandise. He contends that on account of this last clause, which cannot be separated from what had gone before, that the whole of said ordinance must fail, because it is unreasonable and in restraint of trade. On the other hand, the respondent contends that if it be conceded that that portion of the ordinance relating to and prohibiting sales of merchandise generally is void, as being an unreasonable restraint of trade, that the portion of said ordinance relating to peddling can be separated from the other portion of the ordinance, and is a reasonable regulation and can be sustained as within the police power of the city of Greenville. The respondent further contends that all of said ordinance is a reasonable regulation and such as a city ought to be empowered to enforce. We are inclined to believe that the rule *ejusdem generis* can be applied to the whole of said ordinance, and consequently that the whole ordinance can be sustained. That is the ordinance evidently had in view as its primary object, to prohibit peddling in the public streets and on the public

square of Greenville, and what follows as to other sales relates to this character of sales—that is, sales by peddling. In Horr & Bemis, on Municipal Ordinances, section 20, it is said: "It often occurs in the grant of power that the enumeration of specific rights is followed by some expression of general import. The general expression extends the enumeration only to include things which are of the same kind as those specifically named." However, if it be conceded that the portion of the ordinance relating to other sales of merchandise than by peddling is to be rejected, as comprehending some character of sales, which it would be unreasonable to prohibit anywhere, does it follow that that portion of the ordinance relating to peddling, should also be held void. In other words, can we by the legitimate rules of construction and interpretation of statutes, separate peddling from what immediately follows. Judge Cooley lays down the rule on this subject as follows: "Where a part of the statute is unconstitutional that fact does not authorize the courts to declare the remainder void also, unless all of the provisions are connected in the subject matter, depending on each other, operating together for the same purpose, or otherwise so connected in meaning that it cannot be presumed that the Legislature would have passed the one without the other. The constitutional and unconstitutional provision may be often contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall. The point is not whether they are contained in the same section, for the distribution into sections is purely artificial, but whether they are essentially and inseparably connected in substance. * * * If a statute attempts to accomplish two or more objects and is void as to one, it may still be in every respect valid as to the other." (Cooley's Const. Lims., p. 210.) And to the same effect, see Black on Const. Law, sec. 44; Western Union Ins. Co. v. State, 62 Texas, 630; Kimbrough v. Barnett, 93 Texas, 301; T. & P. Ry. v. Mahaffey, 11 Texas Ct. Rep., 858. Applying the above rule to the ordinance in question, it occurs to us that the primary object of the ordinance was to prohibit peddling, and as we have stated before, like sales of merchandise. But, if we are in error as to the latter suggestion, can we uphold the law as to peddling merchandise on said public square and streets, and reject the latter portion of said ordinance. Peddling is the leading object of the ordinance, and although it is in the same section, under the rule above stated, we are authorized to separate it from what succeeds. We are convinced from a reading of the ordinance that the council intended to prohibit the peddling of merchandise on said streets, and primarily directed the ordinance to the inhibition of this character of sales. We believe we are authorized to say that the municipal council intended to prohibit peddling regardless of what follows in the ordinance. Unquestionably the Legislature gave the city council of Greenville, under the terms of its charter, as contained in the general law, power to regulate peddling, which, as defined by the authorities, is a person who carries goods from place to place for sale, or one who carries about small

commodities on his back or in a cart or wagon, and sells them. A peddler is understood to be one who goes around from house to house or from customer to customer and sells goods. Rapalje Law Dic.; Webster's Dict. And for further definitions, see 6 Words & Phrases, p. 5262. We have no doubt that it is within the power of the Legislature to confer on towns and cities, the power to regulate peddling within the jurisdiction of such towns and cities, especially on the public streets and squares of such cities, the same being peculiarly within the jurisdiction of towns and cities. Wade v. Nunnelly, 46 S. W. Rep., 668. Nor does the fact that the State, as is the case here, may license peddlers, exclude the idea of municipal supervision, where the power for such supervision is given in the charter. Mr. Freund says, in his work on Police Power, p. 157, "That a state license for peddling does not contemplate the occupation of a street for a temporary stand from which to sell goods, and this may be prohibited, notwithstanding the State license." And see also sec. 173; Com. v. Fenton, 139 Mass., 195; White v. Kent, 11 Ohio St., 550. We accordingly reach the conclusion that it was within the power of the municipality of Greenville to prohibit the use of certain streets, and the public square for the purpose of peddling. The relator is therefore remanded to the custody of the sheriff.

*Relator remanded to custody.*