## Ex Parte J. W. Hogg.

### No. 2394.   Decided April 16, 1913.

### Rehearing denied May 14, 1913.

**1.—City Charter and Ordinance—Peddler—Farmers.**

A peddler or hawker is a small retail dealer who carries his merchandise with him, traveling from place to place or from house to house exposing his or his principal's goods for sale and selling them. It is immaterial that the goods are bartered instead of sold; that the sale is a conditional one or that it is on the installment plan. Persons who raise or produce what they sell, such as farmers and butchers, are not peddlers.

**2.—Same—Distinct Business—Peddling—Producer.**

The business of peddling is held to be a separate and distinct thing from where the manufacturer or producer himself sells his own articles and products. Following Ex parte Bradshaw, 70 Texas Crim. Rep., 166.

**3.—Same—Police Power—Streets, Alleys and Public Grounds.**

Where a city under the general law had power to pass all ordinances, rules and police regulations not contrary to the Constitution, etc., and had exclusive control and power over the streets, alleys, and public grounds, etc., of the city; to control and regulate market places and privileges, etc, and to license, tax, regulate or suppress and prevent hawkers and peddlers, etc., and thereunder passed an ordinance making it unlawful for any person to peddle any kind of merchandise, etc., on the public square or any street within the corporate limits of said city, the same was a valid ordinance. Davidson, Presiding Judge, dissenting.

**4.—Same—Peddlers—Police Regulation.**

Where a city under the general laws had power and authority to prohibit peddlers from using the streets of said city, and passed an ordinance thereunder prohibiting such peddling, the question as to whether the city would prohibit peddling in all of its treets, alleys, and public squares was a question of policy to be decided and determined by the municipality, and the ordinance was not void or contrary to the Constitution, or discriminatory or in derogation of the common rights given to all men. Following Wade v. Nunnelly, 19 Texas Civ. App., 256; Ex parte Henson, 49 Texas Crim. Rep. 177. Davidson, Presiding Judge, dissenting.

**5.—Same—Class Legislation—Constitutional Law.**

A city ordinance under the general laws of the State preventing peddling on the streets, etc., of said city is not class legislation, as a peddler is in a separate class from other merchants or persons selling their own produce, and there is no law authorizing peddlers to make marts of the public streets for the sale of their merchandise. Davidson, Presiding Judge, dissenting.

Appeal from the District Court of Parker. Tried below before the Hon. F. O. McKinsey, in vacation.

Appeal from a habeas corpus proceeding refusing to discharge relator, who was arrested for a violation of a city ordinance preventing peddling on the public streets.

The opinion states the case.

*Moseley & Barcus,* for relator.—On question that city ordinance is void because of arbitrary exercise of power: Ex parte Bell, 22 S. W. Rep., 1040; Ex parte Robertson, 17 S. W. Rep., 1057; Ex parte McCarver, 46 S. W. Rep., 936; Mills v. M. K. & T. Ry. Co., 59 S. W. Rep., 874; H. & T. C. Ry. Co. v. City of Dallas, 98 Texas, 396, 84 S. W. Rep., 648; Chaddock v. Day, 4 L. R. A., 809; Carrollton v. Bazzette, 31 L. R. A., 522.

On question that peddling is not against public policy: Ex parte Patterson, 58 S. W. Rep., 1011; Ex parte Powell, 66 S. W. Rep., 298; State v. Wagener, 38 L. R. A., 677.

On question that city ordinance is unconstitutional on the ground that everyone has a right to follow any vocation not in conflict with the laws of the land: Lynn v. State, 25 S. W. Rep., 779; Ex parte Epperson, 61 Texas Crim. Rep., 237, 134 S. W. Rep., 685; Milliken v. City of Weatherford, 54 Texas, 388.

On question .that ordinance is contrary to the general laws of the land, which recognizes peddling as a lawful business: Arroyo v. State, 69 S. W. Rep., 503; Ex parte Garza, 13 S. W. Rep., 779; Ex parte Battis, 48 S. W. Rep., 513.

On question that said ordinance is unreasonable: Ex parte Farley, 65 Texas Crim. Rep., 405, 144 S. W. Rep., 530, and cases supra.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of validity of ordinance: Ex parte Kramer, 62 Texas Crim. Rep., 11; Ex parte Savage, 63 Texas Crim. Rep., 285; Campbell v. Cook, 86 Texas, 630; People v. Rogers, 32 S. W. Rep., 798; Ry. Co. v. Leighty, 32 S. W. Rep., 799; Ex parte Brown, 38 Texas Crim. Rep., 295; Janin v. State, 51 S. W. Rep., 1126.

PRENDERGAST, JUDGE.—On November 7, 1912, the City of Weatherford, in Parker County, duly passed and then put into force an ordinance to this effect:

Section 1. "That it shall hereafter be unlawful for any person to peddle any kind of merchandise, patent medicine or nostrum on the public square or any street within the corporate limits of the City of Weatherford, Texas."

Section 2 prescribes a penalty for the .violation of said ordinance a fine of not less than $1 nor more than $25. .

On January 30, 1913, relator, Hogg, did sell and peddle on First Avenue, one of the public streets of said city within the corporate limits thereof, bananas and apples, which were not raised by him, but were bought to be resold at a profit. Said First Avenue was one of the residence streets of said city and about eight blocks from the business portion thereof. In selling and peddling the same he did not interfere with or obstruct the use of the streets ·by the traveling public. He was a peddler and had been engaged in that business in Weatherford for several years and lived therein. Weatherford had about 6000 inhabitants and it was incorporated under the general laws of this State regulating the incorporation of cities of over 1000 inhabitants. The public square in Weatherford was 500 feet square. In the center of this square the courthouse of Parker County was erected and the courthouse and lawn surrounding it occupied a space of 150 feet square, leaving a space of about 150 feet wide around the courthouse which had always been used by the citizens of Parker County generally on which farm products, such as hay, oats, melons, vegetables, poultry, etc., have always been peddled and sold to the inhabitants of the city, and said part of said public square, and. the streets, prior to the passage of said Act, had always theretofore been used for peddling and selling said various kinds of merchandise to anyone wishing to purchase; that in the sale of such merchandise theretofore, the public travel and use of the streets by the inhabitants was never interfered with or molested. Parker County, of which Weatherford is the county seat, is largely a farming county, and

most of the farmers thereof, before the passage of said ordinances, brought their farm products to Weatherford, peddled and sold them out in various quantities to anyone who would and did purchase them, and used the public square and streets of Weatherford to exhibit and sell their products; that prior to the passage of said ordinance the people during the winter months bought wood and in the spring and summer bought farm products and garden truck, and persons so selling it exhibited in their wagons and sold it therefrom on the said public square and streets in any quantity the purchaser might want. The fruits and vegetables so sold were sold partly by people who raised said things and partly by people who made it their business to purchase from parties who raised them and then peddled them. The City of Weatherford embraced the territory for about three miles square with the courthouse in the center.

Under a proper complaint charging appellant as aforesaid, the proper warrant was issued under which the marshal of Weatherford arrested and held relator in custody thereunder. He thereupon sued out a writ of habeas corpus before the district judge of said district, who properly heard the same on the state of facts above shown. The district judge held that said ordinance was legal, and he was arrested and detained under the proper proceedings and writ and thereupon remanded him to the custody of the marshal, to which action of the district judge he excepted and appealed to this court.

Under the statute of this State the City of Weatherford and the city council thereof has and had "power to pass all ordinances, rules, and police regulations not contrary to the Constitution of this State for the good government, peace and order of the city and the trade and commerce thereof, that may be necessary or proper to carry into effect the powers vested in said city government or any department or officer thereof." R. S., Art. 817. Said municipality also had and has the "exclusive control and power over the streets, alleys and public grounds and highways of the city and to abate and remove encroachments or obstructions thereon." R. S., Art. 854. Also "to control and regulate market places and privileges, inspect and determine the mode of inspecting meat, fish, vegetable and all other produce and every article and thing therein brought for sale." R. S., Art. 866. Also "to license, tax and regulate or suppress and prevent hawkers, peddlers, pawnbrokers, and keepers of theaters or other exhibitions, shows and amusements." R. S., Art. 871.

A peddler or hawker is a small retail dealer who carries his merchandise with him, traveling from place to place, or from house to house, exposing his or his principal's goods for sale and selling them. It is immaterial that the goods are bartered instead of sold, that the sale is a conditional one, or that it is on the installment plan. Persons who raise or produce what they sell, such as farmers and butchers, are correctly held not to be peddlers, although there is some authority to the contrary. These definitions and principles are laid down by 21

Cyc., pp. 367 to 373, and are sustained by the citation of many cases from many of the States of this Union. So in many of the States and cities, having such statutes and ordinances prohibiting peddlers from following the business of peddling in the streets of a city, except from their operation the manufacturer, mechanic, nurseryman, farmer, butcher or fish or milk dealer, who sells either by himself or an employe, his own manufactured articles, wares, or products and such ordinances and statutes are held to be valid (21 Cyc., 373); and many cases of various courts so hold. In other words, the business of peddling is held to be a separate and distinct thing from where the manufacturer or producer himself sells his own articles and products. Peddling can be prohibited where the others may not be. The distinction is clear and reasonable. See also the case of Ex parte Bradshaw from Hill County this day decided, and the authorities therein cited.

We think it clear that under the power and authority given the City of Weatherford by the statutes of this State it had the power and authority to prohibit peddlers from using the streets of Weatherford in the conduct of their business. The question of whether or not the city would prohibit peddling in all of its streets, alleys and public square, or only in certain portions of them, was a question of policy to be decided and determined by the municipality, and by it alone.

Relator by his able attorneys, in a forceful brief and oral argument, contended that this ordinance was void and contrary to our Constitution, for various reasons; among them because it is an arbitrary exercise of power, is discriminatory and in derogation of the common rights given to all men under our Constitution; also, because peddling is a business recognized by the State as legitimate and is conceded by the public as a useful and remunerative occupation and one not *per se* immoral nor against public policy; also that it violates the constitutional guaranties that every man has the right to follow any avocation for the support of his family which is honorable and not in conflict with the laws of the land; and various other like reasons contended for by him.

We think all these questions and contentions of appellant have been settled against him by the decisions of the courts of this State. We refer particularly to Wade v. Nunnelly, 19 Texas Civ. App., 256, 46 S. W. Rep., 668, and Ex parte Henson, 49 Texas Crim. Rep., 177. Appellant cites many authorities to sustain his various propositions. We deem it unnecessary to take up and discuss them. We regard them as inapplicable to the question in this case. This ordinance does not prohibit the relator or any other person from following the business of peddling. It simply denies him the right to follow his business or occupation in the public streets and on the public square of the city. It does not discriminate against him and is not class legislation. It classes him, as the law has always classed him, in a separate class from other merchants, and from farmers, manufacturers, etc., who produce or manufacture, etc., and sell their own products, which is perfectly proper and legitimate. There is no general or other law of this State

that authorizes peddlers to make marts of the public streets for the sale of his merchandise. It does not deprive him, as it does not any other person, of the right to sell his products, produced, manufactured or raised by him. It treats all in his class exactly alike. The ordinance, in our opinion, is in no way void, the relator was properly remanded to the custody of the marshal and the judgment of the District Court so determining is affirmed and he is again remanded to the custody of the marshal.

*Relator remanded to custody.*

DAVIDSON, Presiding Judge (dissenting).—Believing my brethren are in error, I enter my dissent. The Henson case, 49 Texas Crim. Rep., 177, is not in point and is not applicable to the question decided in this case, in my opinion. Neither is the case of Wade v. Nunnelly, cited by the prevailing opinion.

[Rehearing denied May 14, 1913.—Reporter.]