### CITY OF SAN ANTONIO et al. v. STOKES. (No. 6839.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 6, 1922.)

Municipal corporations ⬩661(1)—City of San Antonio has absolute control of streets and constitutional power to deny use by public carrier for hire.

The city of San Antonio has the absolute control over its streets, and has the constitutional power to regulate the use of the streets and to absolutely deny the use of them for the prosecution of such a business as that of a public carrier for hire.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by T. H. Stokes against the City of San Antonio and others, for a temporary writ of injunction to restrain the city from the enforcement of an ordinance passed for the purpose of regulating the use of the streets for automobiles as carrier. From an order granting the injunction, defendants appeal. Reversed and remanded, with directions.

T. H. Ridgeway, R. L. Marshall, and W. J. Park, all of San Antonio, for appellants.

FLY, C. J. Appellee applied for a temporary writ of injunction to restrain the city of

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

San Antonio, its mayor, O. B. Black, its commissioners John P. Pfeiffer, Ray Lambert, W. O. Rieden, and Phil Wright and its chief of police, Thomas J. Martin, and all of its police officers, detectives, and special peace officers, from the enforcement of a certain ordinance, passed for the purpose of regulating the use of the streets of the city of San Antonio by appellee and others owning automobiles in the prosecution of their business on said streets as carriers of persons for hire from one point to another in the city. Although every question involved in this case has been settled by this court and other courts, both of this state and of other states time and again, the writ of injunction prayed for was granted, and appellants have appealed.

When this writ of injunction was granted this court had rendered an exhaustive opinion in the case of City of San Antonio v. Fetzer, 241 S. W. 1034 (writ of error refused by the Supreme Court Oct. 11, 1922), in which an ordinance containing similar provisions to the one restrained in this case was upheld, and this court declared in terms too plain to be misconstrued or misunderstood that the city of San Antonio has the absolute control over its streets and has the constitutional power to regulate the use of the streets and to absolutely deny the use of them for the prosecution of such a business as that of a public carrier for hire. This doctrine had been clearly set out by this court in the case of Greene v. City of San Antonio, 178 S. W. 6, and Peters v. City of San Antonio, 195 S. W. 989, which had met with the approval of every court in America in which the same points had arisen. The judgment of the trial judge in the Fetzer Case was directly contrary to the decisions of this court as well as others, and the Fetzer opinion has since met with the approval of the Supreme Court of Texas and a writ of error to the Supreme Court of the United States has been denied by this court, and the application for the writ dismissed by the Federal Supreme Court. The matter is settled for once and all, and nothing can be added to the reasons for sustaining ordinances giving cities the authority to regulate, control, or even prohibit certain traffic on their streets, and they need not be amplified, or repeated in this case. Due deference for the action of constituted higher authority demanded a refusal of the writ herein granted.

The judgment is reversed, and the cause remanded, and the record showing that the case has been fully developed, and it clearly appearing that no good end will be subserved by any further consideration of the matter in the lower court, that court is instructed to dismiss said cause from its docket at the cost of the appellee herein.