* Writ of error granted November 4, 1925.
This suit was instituted by appellants, 44 in number, against the city of Waco, its mayor, city commissioners, and city manager, seeking an injunction to *Page 283 
prevent the enforcement of the following ordinance passed by the city commissioners of the city of Waco:
"Section 1. It shall hereafter be unlawful to park vehicles operated for hire upon any of the public squares in the city of Waco.
"Section 2. By the term `vehicle operated for hire' shall include all vehicles used and operated for the purpose of transporting passengers, freight, household furniture or any other kind of personal property, for which a fee or other remuneration is paid or received for said transporting or use of said vehicle."
Section 3 provides a penalty for violation of the ordinance not to exceed $200.
Appellants alleged that no other ordinance had ever been passed by the commissioners of the city of Waco which in any manner prohibited the parking of wagons, automobiles, trucks, or any character of vehicle on the public square, and that the public generally were using the square as a public mart and market place for parking teams and all kinds of vehicles, and that said public square had for 75 years been used as a public square, where all kinds of business had been and could be carried on by all classes of citizens.
Appellants alleged that they were "engaged in the moving and transfer business, and used their said trucks for transporting household furniture and other character of personal property, and charged fees therefor, using their personal service and labor in such business; that the aggregate value of their said trucks so used in said business is more than the sum of $10,000, and, if the plaintiffs are denied the right and privilege of parking their said trucks on said public square, as provided by the terms of said ordinance, their said business will be greatly damaged, if not practically destroyed." They alleged that their trucks were the same size as other trucks used by other classes of people who parked on the public square. They alleged that the ordinance was void and its enforcement should be restrained:
"(a) Because it is unreasonable, arbitrary, oppressive and an unwarranted invasion of the plaintiffs' personal liberties * * * and is an unwarranted restriction in the pursuit of the business in which the plaintiffs are engaged; (b) because the same constitutes and is class legislation, in that it discriminates against the plaintiffs and in favor of all others of the general public who use or may desire to use said public square for the purpose of parking their trucks or vehicles; (c) because it violates section 3 of article 1 of the Constitution of the state of Texas; (d) because it will destroy plaintiffs' business, by reason of the fact that there is no other public market place or public stand within the business district of the city of Waco convenient and accessible to the public which can or could be used by plaintiffs for parking their said trucks, and that the enforcement of the ordinance will force plaintiffs out of business."
Appellants prayed for an injunction restraining appellees from enforcing said ordinance. The trial court sustained a general demurrer to appellants' petition.
The city of Waco is operated under the commission form of government, under the home rule amendment, and it is admitted by appellants that the square was conveyed to the city of Waco for public use, and that the city has the same right to control the public square as it has to control any of the streets within its corporate limits.
The question as to what rights citizens have with reference to the use of public streets in a city has been the source of much litigation, not only in Texas but in all the states of the Union. So far as we have been able to find, the courts uniformly hold that the individual citizen has no vested right in the streets of a city, and that the governing body of the city has, within reasonable limits, the right to control the use of its streets in any way that it determines is for the best interests of the public. It is now the established law in this state that the city has a right to prohibit by ordinance the barter and sale of all kinds of merchandise on its public square or streets, and that excepting from said ordinances farm products, sold by the party who produces same, is not class legislation. Ex parte Bradshaw, 70 Tex.Cr.R. 166, 159 S.W. 259; Wade v. Nunnelly, 19 Tex. Civ. App. 256, 46 S.W. 668; Ex parte Henson,49 Tex.Crim. 177, 90 S.W. 874; Ex parte Hogg, 70 Tex.Cr.R. 161,156 S.W. 931. The courts have also definitely held that the city can by ordinance not only regulate but prohibit the operation of "jitneys" within the corporate limits of the city. Ex parte Sullivan,77 Tex.Cr.R. 72, 178 S.W. 537; Craddock v. City of San Antonio (Tex.Civ.App.) 198 S.W. 634; Ex parte Parr, 82 Tex.Cr.R. 525, 200 S.W. 404; City of Dallas v. Gill (Tex.Civ.App.) 199 S.W. 1144; Auto Transit Co. v. City of Fort Worth (Tex.Civ.App.) 182 S.W. 685 (writ refused); Peters v. City of San Antonio (Tex.Civ.App.) 195 S.W. 989; Greene v. City of San Antonio (Tex.Civ.App.) 178 S.W. 6 (writ refused); City of San Antonio v. Stokes (Tex.Civ.App.) 246 S.W. 706; City of Antonio v. Fetzer (Tex.Civ.App.)241 S.W. 1034; Waid v. City of Fort Worth (Tex.Civ.App.) 258 S.W. 1114
(writ refused); Ex parte Luna (Tex.Cr.App.) 266 S.W. 415. The courts have also held that the city can control the place, manner, and time for parking hacks. Kissinger v. Hay, 52 Tex. Civ. App. 295, 113 S.W. 1005; Ex parte Stallcups, 87 Tex.Cr.R. 203, 220 S.W. 547; Gill v. City of Dallas (Tex.Civ.App.) 209 S.W. 209. It is also the established law that the city can regulate the kind and class of buildings that may be erected within the fire limits of the city, and can regulate the hours in which business *Page 284 
can be conducted in certain classes of buildings within the fire limits. Barbier v. Connolly, 113 U.S. 27, 5 S.Ct. 357, 28 L.Ed. 923; Soon Hing v. Crowley, 113 U.S. 703, 5 S.Ct. 730, 28 L.Ed. 1145.
To summarize, as we understand the authorities, they hold, without a dissent so far as we have been able to find, that the governing body of the city can absolutely control the use of its streets and prevent same from being used by any citizen or class of citizens for the conduct of any kind or character of business. Counsel for appellants concede this to be the general rule, but contend that it is not applicable to the appellants in this case. Appellants by the allegations in their petition show that they are engaged in the business of running and operating trucks in the nature of moving vans and wagons for hire, transporting merchandise, household goods, and such like from one point to another within the corporate limits, and that they are and have been for a long number of years using the public square as their headquarters, office, or place where they may be found and employed by the public generally. In short, they are using the public square as their place of business. Unquestionably, appellants do not, under the authorities, have a vested right to maintain their place of business on the public square or public streets of the City of Waco. The same line of reasoning and the same argument why they should be permitted to conduct their business on the public square is applicable to the "jitney" driver, to the street vendor, and to the transient merchant. If appellants have the right to use the public square as their place of business, then other classes of citizens would have an equal right, and our public streets would become marts of trade rather than thoroughfares for the traveling public.
Appellants admit that the city of Waco has the right to control its streets and the public square and prevent same from being used by peddlers, street vendors, and "jitneys." Appellants contend, however, that the city commissioners have singled them out, and have and are permitting other lines of business to park their trucks and conduct their business affairs on the public square, and that they are thereby discriminated against. This is not class legislation. The ordinance in question affects all who are engaged in the common business of appellants alike. If the city commissioners see fit to permit the street vendor or traveling merchant or peddler or hawker to use the public streets as marts of trade, it does not cause the ordinance in question to be class legislation. If these other classes are using the public square and streets, they have no vested right, and may be at any time prohibited from using same as a place to conduct their business. It is well settled that municipal corporations, like Legislatures, may classify persons according to their business, and may apply different rules to different classes, without violating either the state or federal Constitution. Ex parte Bradshaw, 70 Tex.Cr.R. 166, 159 S.W. 259, and authorities there cited; Bruce v. City of Gainesville (Tex.Civ.App.) 183 S.W. 41; Ex parte Sullivan, 77 Tex.Cr.R. 72, 178 S.W. 537.
Appellants contend the ordinance is unreasonable. The established rule is that courts are not authorized to declare an ordinance unreasonable and therefore void, unless its unreasonableness shall clearly appear. Ex parte Sullivan, 77 Tex.Cr.R. 72, 178 S.W. 537; Ex parte Vance,42 Tex.Crim. 619, 62 S.W. 568; City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528, 47 Am.St.Rep. 114.
Appellants, in their brief, contend that the ordinance is vague and uncertain, and that, if strictly enforced, would prohibit them from casually parking their trucks on the public square when they were not there for the purpose of hire or soliciting trade. This would be a question of law for the criminal courts to determine when it comes to enforcement of the criminal ordinance. The appellants in this case are seeking to have the ordinance enjoined primarily because of the fact that it will destroy their business and will make their trucks worthless. They do not allege they would be in any way injured or affected by the ordinance, except that it will destroy or hurt them in the conduct of their business. The Court of Criminal Appeals is charged with the responsibility of passing on what state of facts does or does not constitute a violation of a city ordinance or of a criminal statute. Unless property rights are involved, or unless it is alleged, which it is not in this case, that a number of criminal actions may be brought, the civil courts should not, by injunction, interfere and determine in advance whether a certain state of facts constitute a violation of a statute or an ordinance. Greiner-Kelley Drug Co. v. Truett, 97 Tex. 377,79 S.W. 4; Kissinger v. Hay, 52 Tex. Civ. App. 295, 113 S.W. 1005; City of Galveston v. Mistrot, 47 Tex. Civ. App. 63, 104 S.W. 417; Lossing v. Hughes (Tex.Civ.App.) 244 S.W. 556. The ordinance in question should perhaps define what is meant by parking, in order that those who are charged with its enforcement may be able to enforce the ordinance without difficulty. Whether the parking of a truck, which was used for hire, on the public square, while its owner went in to pay his taxes, or went to purchase groceries or merchandise, or parked his truck while he went to run errands of any class or character, and not for the purpose of hiring same or soliciting business, would be a violation of the ordinance it is not *Page 285 
necessary for us in this proceeding to and we do not determine. We do not think appellants, under the allegations contained in their petition, are entitled to an injunction restraining the enforcement of the ordinance in question. The judgment of the trial court is affirmed.