## CITY OF WACO et al. v. O'NEAL et al.
### No. 1008.

Court of Civil Appeals of Texas. Waco.
Nov. 13, 1930.

Rehearing Denied Dec. 5, 1930.

John McGlasson and George Morrow, both of Waco, for appellant.

J. W. Spivey and F. R. Valantine, both of Waco, for appellees.

BARCUS, J.

Appellees instituted this suit against the city of Waco, a municipal corporation, and H. A. Barron, its chief of police, to restrain by injunction said defendants, their agents, servants, and employees, from enforcing the following ordinance passed by the city of Waco on May 20, 1930: "It shall hereafter be unlawful for any person, firm, corporation or association of persons, acting for himself or itself individually or as agent, servant or employee of any other person, firm, corporation or association of persons, to sell, barter, exchange, or offer for sale, barter or exchange, from any vehicle, pack, package, bundle or any character of receptacle, any kind of personal property, or sell, barter or exchange or offer for sale, barter or exchange, livestock or poultry from any kind of vehicle upon any part of the public square in the City of Waco, including the sidewalks thereof." Said ordinance provided a penalty for a violation thereof of a fine not exceeding $100.

Appellees, being eight in number, alleged that they lived in McLennan county and were farmers, truck, vegetable and fruit growers, stock and poultry raisers, and raised feedstuff and other products and commodities commonly grown or raised upon farms and truck gardens; and that they brought this suit for themselves and all others similarly situated. They alleged that the public square in Waco had been by deed conveyed to the city of Waco in 1850; that same had been since said time used as a public market place, where farmers, truck growers, and people dealing therein could bring their products for sale; that if the ordinance was enforced it would destroy their business, because they would have no place in which to display their farm and truck products for sale; that the ordinance was in violation of their constitutional right to enjoy life, liberty, and the pursuit of happiness; that they had a prescriptive right to the use of the public square as a place for the sale of their farm products; and, further, that the city was estopped from denying them said privilege by reason of its

acquiescence for a long period of time in said public square being so used.

The trial court, when the petition was presented, granted a temporary restraining order. Appellant filed a motion to dissolve upon the ground, among others, that appellees' petition did not state any cause for either a temporary or permanent injunction being granted. The court, in chambers, heard the motion to dissolve, and overruled same and continued in force the temporary injunction until the further orders of the court. The city of Waco alone prosecutes this appeal from said injunction.

Appellees contend that, since the granting of a temporary injunction is lodged largely in the discretion of the trial judge, the judgment should be affirmed, unless it clearly appears the trial court has abused his discretion. As we understand, appellant does not take issue with appellees upon the above general proposition of law. Appellant's contention is that appellees' petition does not, taken in its most favorable aspect, present any ground or reason for the trial court's granting either a temporary or permanent injunction, its contention being that, if each and every fact contained in appellees' petition is true, the trial court would not then have the right to enjoin the enforcement of said ordinance. The underlying question, therefore, to be determined is the right of appellant as a municipal corporation to control the public square, and whether, in the exercise of its control thereof, it has the inherent power and right to absolutely prohibit the barter and sale of farm products, stock, and poultry thereon.

The original deed conveyed the public square, streets, and alleys to the city of Waco, to be used perpetually for said purposes. Appellant is a municipal corporation, acting under the Home Rule Amendment Act and organized under the commission form of government. Article 238 of its charter provides: "The board of commissioners shall have exclusive control and power over the streets, alleys, public commons, grounds and highways of the City, both upon, above and below the surface thereof, and to abate and remove obstructions thereof * * * to prevent the encumbering the same and sidewalks in any manner whatsoever, to regulate the use thereof by the public."

Article 35 of said charter reads: "The ownership, right of control and use of the streets, alleys, parks, reserve in front of the city facing the river, known as commons, and all other real property of the City of Waco is hereby declared inalienable to said City and dedicated to public use only."

Article 36 of said charter reads: "The board of commissioners shall take such steps as may be necessary to recover and restore to public use only, within a reasonable time, all

and every part of the property conveyed by J. de Cordova and N. A. Ware by deed dated the 10th day of June, 1850 (being the property specifically described in the petition filed by appellees in this case), and said board shall take such steps as may be necessary to remove, within a reasonable time, from said property all persons occupying, holding or using the same, or any part thereof, for private purposes or to the exclusion of the public."

It is thus seen that by special charter provisions, in addition to the general powers conferred by statute, the board of commissioners of appellant have absolute and unconditioned control over the public square, streets, alleys, and all other property belonging to it.

■ The question whether the governing body of a municipal corporation has the right to prohibit the use of the streets and public squares or other property owned by it, by the public generally as a place on which they may ply their trade or business, has been the source of much litigation, not only in Texas, but in the entire United States. The courts have uniformly held that the individual citizen has no vested right in public property owned by a city, and that its governing body has the right, with reasonable limitations, to control same, and may absolutely prohibit the use of its streets and public property for any private use when it determines same is for the best interest of the public. 44 C. J. 1100, states the rule as follows: "The municipality holds the property (such as parks, public squares and commons) in trust for the use of the public, and cannot use or permit its use for purposes other than that for which it was dedicated or acquired and appropriated * * * The municipal authorities may make all necessary and proper regulations with regard to the government and management of the property, and how it shall be used by the public * * * and to secure the public its common enjoyment; and so long as they act within the legitimate scope of their authority their discretion is not subject to outside interference or judicial revision or reversal * * * The proper authorities may prohibit public speaking or preaching in parks, or the barter and sale of merchandise on a public square."

The Supreme Court of the United States, in Standard Oil Co. v. City of Marysville, 279 U. S. 582, 49 S. Ct. 430, 73 L. Ed. 856, in passing upon and upholding the validity of an ordinance which required all oil tanks to be buried a certain distance under the ground, stated: "We need not labor the point, long settled, that, where legislative action is within the scope of the police power, fairly debatable questions as to its reasonableness, wisdom, and propriety are not for the determination of courts, but for that of the legis-

lative body on which rests the duty and responsibility of decision"—Citing a long list of authorities.

The Supreme Court of Washington, in upholding an ordinance which prohibited persons from operating motor vehicles for hire upon the public streets of Seattle without filing the required bond, in Hadfield v. Lundin, 98 Wash. 657, 168 P. 516, 518, L. R. A. 1918B, 909, Ann. Cas. 1918C, page 942, used this language: "If any proposition may be said to be established by authority, the right of the state in the exercise of its police power to prohibit the use of the streets as a place of private business, or as the chief instrumentality in conducting such business, must be held so established. * * * Where the power to prohibit exists, the reasonableness of any regulation is palpably a legislative question, pure and simple. To hold otherwise would be to assert an absurdity. When the Legislature acts within its constitutional authority in the exercise of the police power, the expediency of its action is not a question for the courts. In such a case, the power once being established, the Legislature determines by the enactment itself that the law is reasonable and necessary."

■ In this state it is now the establishd law that a municipality has the inherent power and right to prohibit by ordinance the barter and sale of all kinds of merchandise on its public square or streets. West v. City of Waco (Tex. Civ. App.) 275 S. W. 282, affirmed by the Supreme Court, 116 Tex. 472, 294 S. W. 832, 834; Ex parte Bradshaw, 70 Tex. Cr. R. 166, 159 S. W. 259; Wade v. Nunnelly, 19 Tex. Civ. App. 256, 46 S. W. 668; Ex parte Henson, 49 Tex. Cr. R. 177, 90 S. W. 874; Ex parte Hogg, 70 Tex. Cr. R. 161, 156 S. W. 931; Ex parte Sullivan, 77 Tex. Cr. R. 72, 178 S. W. 537; Craddock v. City of San Antonio (Tex. Civ. App.) 198 S. W. 634; Ex parte Parr, 82 Tex. Cr. R. 525, 200 S. W. 404; City of Dallas v. Gill (Tex. Civ. App.) 199 S. W. 1144; Auto Transit Co. v. City of Fort Worth (Tex. Civ. App.) 182 S. W. 685 (writ refused); Greene v. City of San Antonio (Tex. Civ. App.) 178 S. W. 6 (writ refused); City of San Antonio v. Stokes (Tex. Civ. App.) 246 S. W. 706; City of San Antonio v. Fetzer (Tex. Civ. App.) 241 S. W. 1034; Waid v. City of Fort Worth (Tex. Civ. App.) 258 S. W. 1114 (writ refused); Ex parte Luna, 98 Tex. Cr. 458, 266 S. W. 415.

In West v. City of Waco, supra, this court upheld the validity of an ordinance passed by said city in 1925 which prohibited any person from parking vehicles operated for hire upon any portion of the public square in said city, and the Supreme Court of Texas, in affirming the judgment of this court, stated:

"The power to prohibit the use of the public square in Waco as a place of business by commercial vehicles clearly comes within the powers delegated to the city of Waco. *. * *

"Plaintiffs in error have no right to occupy and use the public square of the city of Waco as a stand and place to ply and carry on their private business. If the city cannot regulate the use of its public square in this manner, and prohibit the carrying on of a private business thereon as here disclosed, its streets and public places would be at the mercy of all who desired to ply their trade and business thereon, and one of its important and most valuable powers denied to it—that of protecting its citizens and the public from such encroachments.

"In the case of Greene v. City of San Antonio (Tex. Civ. App.) 178 S. W. 6, in which a writ of error was denied, we approved the following declaration of the law: 'No individual has the inherent right to use a street or highway for business purposes. No man has the right to use a street for the prosecution of his private business, and his use for that purpose may be prohibited or regulated as the state or municipality may deem best for the public good. Not having the absolute right to use streets for the prosecution of private business, within the bounds of reason, where no discrimination is shown, persons or classes of persons may be controlled or regulated in the use of streets. This is a self-evident proposition, for, if it were not so, sidewalks and streets could be rendered impassable by those vending their wares or soliciting patronage.' City of San Antonio v. Fetzer (Tex. Civ. App.) 241 S. W. 1034 (writ refused); Waid v. City of Fort Worth (Tex. Civ. App.) 258 S. W. 1114 (writ refused)."

■ Under the above authorities, and numberless others along the same line that could be cited, we think it can safely be stated that the courts hold, without any dissent, that the governing body of a city can absolutely control the use of its streets, public squares, parks, and any other public property it owns, and absolutely prevent same from being used by any citizen or class of citizens for the conduct of any kind or character of private business. No citizen has the inherent right without special permission to conduct a business upon public property, whether it be a street, a public square, or park. In the "pursuit of happiness," guaranteed to all people under the Constitution, no one has a right to deprive a municipal corporation or an individual of the control or use of its property. It is axiomatic that one's personal rights under the Constitution end where the rights of another begin. The property belonging to a city must be controlled by some one, and the governing body thereof has been by law designated as the proper agent for said purpose. If the governing body of a city does not have the power to exclude merchants or trucksters or street vendors, or any other and each oth-

208

er class of citizens who are seeking to use the public streets, or public property, as a place in which to conduct their private business, then no class could be excluded, and the public streets and grounds of a city would become public marts, and their usefulness for the public good would be destroyed. It is shown that the public square in Waco has been used for seventy-five years or more as a place where farmers and trucksters and stock and poultry raisers could go to buy and sell. The fact that during this long period of time the citizens of the city, county, and trade territory have been extended this privilege does not prevent the governing body of the city from withdrawing this privilege and prohibiting appellees from using said property as a place to display and sell their truck and farm products and their stock and poultry. The present ordinance under consideration prohibits all classes of persons equally from using the public square as a place of business. No class legislation is therefore involved. Whether it is wise for the governing body of Waco to exclude farmers and truck growers as well as other classes from selling on the public square is a matter for its determination. Unquestionably, under an unbroken line of authorities, all of our courts, from the United States Supreme Court down, have held that a city has the inherent power to prohibit any kind of private business from being conducted on the public property.

Appellees did not contend in the trial court, and neither do they contend here, that the ordinance in question was not legally passed, or that same is not valid, if a valid ordinance under any conditions could be passed prohibiting their using the public square as a place to sell their farm and truck products. This being true, and since, for the reasons herein set forth, we think the governing body of the city has the inherent power to pass the ordinance in controversy, the trial court was in error in granting the temporary injunction.

The judgment of the trial court is reversed, and the temporary writ of injunction granted by said court is in all things dissolved.