## CITY OF GRAHAM et al. v. SEAL et al.
### (No. 9850.)

(Court of Civil Appeals of Texas. Fort Worth. Oct. 15, 1921. Rehearing Denied Nov. 26, 1921.)

1. Injunction ⬅⟿105(1)—Criminal prosecution may be enjoined if enforcement of law would result in injury to property or injunction is only adequate remedy.

A criminal prosecution cannot be enjoined in a civil action, even where the ordinance or statute under which it is instituted is void, unless the enforcement thereof would result in the destruction or deterioration of the value of property, but if the enforcement of the law would result in injury to property, or the facts incident to its enforcement are so extraordinary or exceptional that injunctive relief is the only adequate remedy, an action for injunction will lie.

2. Injunction ⬅⟿105(2)—Prosecution for operating motor vehicles for hire without license in violation of ordinance will not be enjoined, though latter void.

A criminal prosecution for operating motor vehicles for hire without a license, in violation of a city ordinance, will not be enjoined, even if such ordinance is void, in the absence of a showing of threatened injury to property rights or unusual results; complainants having a

plain and adequate legal remedy by writ of habeas corpus or by urging the invalidity of the ordinance as a defense.

**3. Courts ☞472(2)—Court of Civil Appeals cannot restrain criminal prosecution for violation of city ordinance.**

The Court of Civil Appeals cannot restrain a criminal prosecution for violation of a city ordinance prohibiting the operation of motor vehicles without a license, since to do so would be to invade the province of the Court of Criminal Appeals.

**4. Municipal corporations ☞592(1) — Ordinance requiring operators of motor vehicles for hire to procure state licenses from county tax collector held in conflict with State Highway Law.**

A city ordinance, requiring that persons operating motor vehicles for hire within the city limits procure a state chauffeur's license from the tax collector of the particular county in which the city is located, as well as a city license, is invalid, being in substantial conflict with the State Highway Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 7012½–7012½t) regulating the taking out of chauffeur's license throughout the state elsewhere than within the corporate limits of cities having ordinances requiring a license to operate such vehicles therein, though a requirement that the applicant take out a license under the state law, as well as under the city ordinance, would be reasonable as a public safeguard.

**5. Licenses ☞7(1)—Ordinance requiring operators of motor vehicles for hire to procure licenses held not clearly unreasonable or unnecessary.**

A city ordinance, prohibiting operation of motor vehicles for hire without procuring license from the city, held not so unreasonable on its face or unnecessary for the protection of life and property as to overcome the presumption of reasonableness.

**6. Municipal corporations ☞592(1) — Ordinance requiring licenses of operators of motor vehicles for hire within city limits not in conflict with State Highway Law, though applicable to vehicles running to points outside city.**

The fact that a city ordinance, requiring operators of motor vehicles for hire to procure licenses to operate them within the city limits, applies to persons operating such vehicles between points outside the corporate limits and points within such limits does not create a conflict with the State Highway Law, so as to render the ordinance invalid, especially in view of provisions of Vernon's Ann. Civ. St. Supp. 1918, art. 7012½h, giving to incorporated cities and towns the right to regulate the use of motor vehicles therein.

**7. Municipal corporations ☞121—In prosecution for operating motor vehicles without license validity of ordinance not involved because authorizing city council to revoke licenses.**

Persons prosecuted for operating motor vehicles within city limits without a license in violation of ordinance cannot attack the validity of such ordinance on the ground of a provision therein authorizing the city council to revoke the license if the holder should be convicted of an offense against city ordinances or state laws; they having procured no such license, and no action having been taken to revoke any as against them.

**8. Municipal corporations ☞111(4) — Ordinance requiring license to operate motor vehicles for hire within city not necessarily void for invalidity of provision as to revocation of license by council.**

Even if a provision of a city ordinance authorizing the city council to revoke a license to operate motor vehicles for hire within the city limits if the holder is convicted of violation of a city ordinance or state law be invalid, it would not necessarily follow that the entire ordinance, requiring and regulating the taking out of such license, is void.

Appeal from District Court, Young County; H. F. Weldon, Judge.

Action by W. P. Seal and others against the City of Graham and others, to enjoin a prosecution for violation of an ordinance. From a judgment granting the injunction, defendants appeal. Reversed, injunction dissolved, and judgment rendered for defendants.

McFarlane & McFarlane, of Graham, for appellants.

Stine & Stine, of Graham, for appellees.

DUNKLIN, J. The city of Graham and its mayor and city counsel were perpetually enjoined by the district court of Young county from enforcing a certain ordinance passed by the city requiring all parties operating motor or jitney passenger cars for hire from operating the same within the corporate limits of the city of Graham without first procuring a license from the city for that privilege, and also to procure a state chauffeur's license from the tax collector of Young county, in which the city of Graham is located. The license fee fixed by the city ordinance was $50 per annum with power in the city council to revoke the same if the holder thereof should be convicted of an offense against the ordinances of the city or laws of the state of Texas. The power to revoke the license was also given the corporation court in the event of a conviction in that court of a violation of the provisions of the ordinance. It was further provided that in the event a license should be revoked no further license should be issued to the same person, unless expressly authorized by the city council. It was further provided by the ordinance that if any person should violate the provisions of the ordinance he would be subjected, upon conviction, to a fine in any sum not to exceed $20. Section 7 of the ordinance reads as follows:

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The holding of any section or clause hereof as invalid shall not be held to invalidate the remaining sections or clauses hereof."

The suit was instituted by W. P. Seal, Ben Williams, C. H. Ozmer, Reece Ritchie, E. J. Hawkins, J. J. Thompson, Cal Nance, and Rome Smith, who sued in their own behalf, and in behalf of about 20 others similarly situated against the city of Graham, its mayor, all the members of its city council, its city attorney and its corporation judge.

It is alleged in the petition that the city of Graham is a city of over 5,000 population and is duly incorporated; that plaintiffs are engaged in the business of transporting passengers for hire in motor driven vehicles between points in the city of Graham and other points, cities, and towns outside that city. It was further alleged that plaintiffs have never taken out the license required by the ordinance, and that prosecution has been instituted in the corporation court of said city against plaintiffs Seal and Nance for alleged violation of the ordinance in accepting and receiving passengers in motor vehicles to points outside the city limits of Graham without taking out the required license, and that the city officers are demanding the payment of said license fee of $50 from each of the plaintiffs, which, if not paid, will be followed by prosecutions against those persons for violating said ordinance; that by reason of such prosecutions plaintiffs will be subjected to vexatious litigations which will result in irreparable injury, against which they have no adequate legal remedy.

It thus appears that by this suit a court, in the exercise of jurisdiction over civil suits, is asked to enjoin prosecutions under a criminal ordinance when no property rights are involved and no extraordinary circumstances are shown which would warrant the interposition of a court of equity to grant that relief.

The principal grounds upon which this suit is based is the contention that the ordinance is void for several stated reasons. One of the reasons alleged is that the amount required to be paid as a license fee is an occupation tax designed for the purpose of raising revenue for the city, no such tax being authorized by law, that the amount of the fee is unreasonable and exorbitant and not in the exercise of legitimate police power, and that it is class legislation and oppressive. Another ground of attack on the ordinance relates to the requirement that a state chauffeur's license should be procured from the tax collector of Young county, and that one of the plaintiffs already holds such a license, issued in another county of the state, which entitles him to operate a car in any portion of the state outside the city limits of Graham. Still another ground of attack was that the city has no power to revoke a license which has already been issued.

[1] The general rule is that a criminal prosecution cannot be enjoined in a civil action even where the ordinance or statute under which the prosecution is instituted is void, unless the enforcement of the ordinance or statute would result in the destruction or deterioration of the value of property; but that if the enforcement of the law would result in injury to property, or if the facts incident to its enforcement are so extraordinary or of such an exceptional nature as that injunctive relief is the only adequate relief that can be afforded the complaining party, then an action for injunction will lie. See City of Austin v. Cemetery Association, 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114; Greiner-Kelly Drug Co. v. Truett, 97 Tex. 377, 79 S. W. 4; Auto Trans. Co. v. City of Fort Worth, 182 S. W. 685, writ of error denied.

[2, 3] This is a plain and simple action to enjoin the prosecution for a criminal offense, with no showing of injury to property rights as a result of such prosecution, and with no unusual results alleged if the prosecutions are continued which would bring this case within any of the exceptions to the general rule stated, even though it could be said that the ordinance in question is void. If injunctive relief can be granted in this suit, then the same character of action will lie to restrain the enforcement of any void ordinance of a city or town simply and solely by reason of the fact that it is void. If the ordinance now in question is void, no reason is perceived by us why the complainants have not a plain and adequate legal remedy, either by resorting to a writ of habeas corpus or by urging the invalidity of the ordinance as a defense to the criminal prosecution; and to hold that injunctive relief can be granted to restrain a prosecution for violation of that ordinance would be for this court to invade the province of the Court of Criminal Appeals of our state, in which is vested exclusive appellate jurisdiction of criminal prosecutions in ordinary cases.

[4] But aside from the foregoing conclusions, we cannot say that the ordinance is void in its entirety. We are of the opinion that section 7 of the ordinance, which is copied above, should be held invalid in that it is in substantial conflict with the state highway law regulating the taking out of a chauffeur's license for the operation of motor vehicles throughout the state elsewhere than within the corporate limits of cities that have ordinances requiring the procurement of a license to operate such vehicles within the corporate limits of such cities, and for that reason we are of the opinion that the city of Graham would not be authorized to require of any of the plaintiffs that he take out a chauffeur's license under the state law from the office of the tax collector of Young county rather than

in some other county. See title 119, c. 8A, 1918 Supp. V. S. Tex. Civil and Criminal Statutes. But we believe that it would be within the province of the city to require any applicant who operates a motor vehicle within the city that he also take out a chauffeur's license under the state law, as well as a license under the city ordinance. Such a requirement would be reasonable as a public safeguard.

[5] Nor do we think that the ordinance can be said to be unreasonable and therefore void. No exceptional facts are alleged to show that its enforcement against the complainants or any one else would be unreasonably harsh or vexatious or so oppressive as to require any court to hold that it is invalid. It is contended, in effect, that the ordinance shows on its face that such is its character. In Chicago v. Walden-Shaw Livery Co., 258 Ill. 409, 101 N. E. 588, the following was said:

"Whether any particular ordinance is reasonable for the purposes for which it is enacted is in the first instance a question to be determined by the municipal authorities. When they have acted and the ordinance has been passed it is presumptively valid, and before a court would be justified in holding it invalid its unreasonableness must be clearly made to appear."

The same rule which indulges the presumption of reasonableness of a city ordinance is announced in many decisions which are noted in Ann. Cas. 1916B, 505, 506, And in the case of H. & T. C. Ry. Co. v. Dallas, 98 Tex. 417, 84 S. W. 648, 70 L. R. A. 850, our Supreme Court quoted with approval the following from the Supreme Court of Minnesota in the case of Evinson v. Chicago, St. P., M. & O. Ry., 45 Minn. 370, 48 N. W. 6, 11 L. R. A. 434:

"Much must be left to the judgment and discretion of the city council, and when they have exercised their judgment and discretion in passing an ordinance it is prima facie valid, and, to justify a court in setting aside their action, its unreasonableness, and the want of necessity for it as a measure for the protection of life and property must be clear, manifest, and undoubted, so as to amount, not to a fair exercise, but an abuse of discretion, or a mere arbitrary exercise of the power of the council— citing Knobloch v. Chicago, M. & St. P. Ry. Co., 31 Minn. 402. But, where it clearly and manifestly appears that the ordinance is unnecessary and unreasonable, the courts have the undoubted right to declare it void."

See, also, City of Brenham v. Holle & Seelhorst, 153 S. W. 345; Ex parte Sullivan, 178 S. W. 537.

There is nothing apparent on the face of the ordinance in question which would lead to the conclusion that it is unreasonable, nor can we say that it is apparent that the license fee required to be paid to the city was intended as a means or subterfuge merely for increasing the revenue of· the city rather than for the protection of persons and property of citizens. Ex parte Bogle, 179 S. W. 1197.

[6] The fact that the ordinance applies to persons operating motor vehicles between points outside the corporate limits of the city and points within such corporate limits does not create a conflict with the state highway law, and thereby render the ordinance invalid. Ex parte Parr, 82 Tex. Cr. R. 525, 200 S. W. 404; Ex parte O. V. Beck, 237 S. W. ——, decided by the Court of Criminal Appeals, opinion delivered June 24, 1921, not yet published. Article 7012½h, V. S. Tex. Civil and Criminal Statutes 1918 Supp., contains a special provision giving to incorporated cities and towns the right to license and regulate the use of motor vehicles for hire in such corporations. City of San Antonio v. Besteiro, 209 S. W. 472.

[7, 8] Plaintiffs are in no position to complain of the provision in the ordinance which provides for the revocation of any license which has been issued by the city, since they have procured no such license and no action has been taken to revoke any such as against them. Kissinger v. Hay, 52 Tex. Civ. App. 295, 113 S. W. 1005. Even if that provision should be held invalid it would not necessarily follow that the entire ordinance should be declared void.

For the reasons indicated, the judgment of the trial court is reversed, the injunction there granted dissolved, and judgment is here rendered that plaintiffs take nothing by reason of their suit, and this judgment will be certified to the trial court for observance.