**BEENE et al. v. BRYANT et al.**

No. 5793.

Court of Civil Appeals of Texas.  Amarillo.
March 17, 1947.

Burks & McNeil, of Lubbock, for appellants.

Crenshaw, Dupree & Milam, Vaughn E. Wilson and W. D. Benson, Jr., all of Lubbock, for appellees.

PITTS, Chief Justice.

Appellees, four taxicab companies of Lubbock, instituted this suit on January 25, 1947, against appellants, C. C. Beene and 11 other named defendants. The parties will be referred to here as plaintiffs and defendants as they were in the trial court. Plaintiffs alleged in effect the names of the taxicab companies; that each of the plaintiffs is a partnership and set out the names of those composing each partnership; that each company had complied with the city ordinances of the City of Lubbock for operating for hire taxicabs on the streets of the said city; that the ordinances of the said city governing such operation were valid; that each of the companies had a specific sum of money invested in its business, the total sum of which invested by all of them being $91,767.98; that the defendants were operating taxicabs for hire on the streets of Lubbock as a business from a designated business location without having first complied with the provisions of the city ordinances of the City of Lubbock or without having attempted to comply with such city ordinances; that defendants were advertising their business as a veterans' owned and operated business and were attempting to appeal to the sentiment of the general public by such means while in fact six of the nine named plaintiffs were veterans of World War II; that plaintiffs were suffering daily losses as a result of the illegal operation of the

taxicab service by defendants and as a result of their unlawful interference. Plaintiffs prayed for the usual notice to issue and that upon a proper hearing that the defendants be temporarily enjoined from operating a taxicab company in the City of Lubbock and from holding themselves out to the public as operating such a business without having first complied with the terms and conditions of the city ordinances and that the injunction be made permanent upon a final hearing.

Plaintiffs' petition was examined by the trial court and a hearing was set for 10 o'clock a. m. on January 30, 1947. Defendants waived the issuance of notice and on January 29, 1947, answered with a general denial and alleged plaintiffs have an adequate remedy at law; that they are not entitled to the relief sought and that the city ordinances of the city of Lubbock relied upon by plaintiffs were not legal nor valid. For some reason the hearing was postponed from January 30 to 1:30 o'clock p. m., February 3, 1947, on which date the City of Lubbock intervened with the permission of the trial court but over the protest of the defendants who likewise asked for a postponement of the hearing for several days because of such intervention by the city. The City of Lubbock, hereafter referred to as intervener, defended the validity of its ordinances and adopted the pleadings of the plaintiffs in so far as they affected the city's interests and the interests of the public generally. The trial court examined the pleadings of the intervener and announced that such raised no new issues of a material nature and set the hearing, over the protest of the defendants, for 1:30 o'clock p. m., February 4, 1947, on which date defendants filed an answer to the pleadings of the intervener denying generally its allegations.

On the last said date and hour the hearing began with all parties present. After hearing the evidence the trial court granted the temporary injunction as prayed for to plaintiffs and intervener, pending a final hearing on the merits of the case, without requiring a bond from intervener but requiring a bond in the sum of $10,000 of plaintiffs containing the usual provisions in such bonds. The trial court based its judgment on the following findings set out therein: that the city ordinances in question were valid and constituted the rules for operating taxicab service over the streets of Lubbock; that the plaintiffs have complied with the city ordinances for operating taxicabs in Lubbock; that the defendants were engaged in the business of operating taxicabs for hire over the streets of Lubbock without having complied with the provisions of the city ordinances governing such operation or without having attempted to comply with the provisions of such city ordinances; that plaintiffs have a total investment of approximately $90,000 invested in their respective taxicab businesses combined and that the operations of the taxicabs in the City of Lubbock by defendants constituted unlawful interference with the lawful business of plaintiffs and that plaintiffs were suffering the loss of revenues as a result of the unlawful operations by defendants; that plaintiffs have a property right which they were entitled to exercise without the unlawful interference of the defendants and they have no adequate remedy at law to prevent such interference and to protect themselves from irreparable injuries and damages unless they were protected by an injunction; that the defendants were operating their business without any insurance or bonds as required by the city ordinances for the purpose of indemnifying or protecting any customers they may have against damages or injuries done to others, thus constituting a continuing hazard to the public; that the City of Lubbock had an interest in the question of whether or not defendants should use its streets unlawfully; that the City of Lubbock had no adequate remedy at law to protect the general public against the continuing hazards by the unlawful use of the streets by defendants. From the order granting the temporary injunction the defendants perfected an appeal to this Court and have presented five points of error.

Article 4662, Revised Civil Statutes, provides that an appellate court may hear an appeal from an order granting a temporary injunction "on the bill and answer and such affidavits and evidence as

may have been admitted by the judge of the court below." The judgment, orders and rulings of the trial court are presumed to be correct until the contrary is shown. In order to procure a reversal the defendants must present a record to this Court that affirmatively shows that one reversible error or more were committed by the trial court and the record must be sufficiently full to show clearly the error or errors about which defendants are complaining. In this case there is no statement of facts in the record. Defendants are relying on points of error assigned without bringing up a statement of facts. We shall discuss the assignments of error in the order that seems most logical to us rather than in the order they are presented to us.

■ Defendants complain that city ordinances numbers 562 and 608 which purport to regulate and control the operation of taxicabs on the streets of Lubbock are vague, indefinite, discriminatory, and in violation of "due process of law" and that they are therefore invalid and void. The rule has often been cited and recognized by our State courts that one who has made no application for a license or permit under a licensing ordinance cannot attack its validity but one who has made application and has been refused such may attack the validity of the ordinance. 43 C.J. 557, Sec. 871; Kissinger v. Hay, 52 Tex.Civ. App. 295, 113 S.W. 1005; City of Graham v. Seal, Tex.Civ.App., 235 S.W. 668; Dallas Taxicab Co. v. City of Dallas, Tex.Civ. App., 68 S.W.2d 359; Ex parte Bogle, 78 Tex.Cr.R. 1, 179 S.W. 1193. Under the findings at the trial court, which are binding in the absence of a statement of facts, defendants have not complied with nor attempted to comply with the city ordinances in question and therefore under the rule above expressed they are not entitled to attack the validity of the city ordinances in question. But, be that as it may, it appears that Lubbock is a home ruled city and was authorized under the provisions of Article 1175, R.C.S., to enact the ordinances in question. Copies of the ordinances in question attached to the pleadings of the intervener as exhibits, which are the only copies of the ordinances found in the record, seemed to express their intended purposes in simple language that is easily understood. They are so lengthy that we shall not copy them here but they require, in simple language easily understood, any person, firm, partnership, or corporation to procure a permit from the City Commission of Lubbock for the operation of a taxicab on the city streets before such taxicab can be lawfully operated on such streets. They further provide that no such permits will be issued to persons who are not 21 years of age and of good moral character; that none will be issued unless the City Commission finds there is a public need for the same; that a permit will not be issued until applicant has filed with the City Commission a surety bond or insurance policy sufficient to indemnify persons against damage or injury setting out a schedule to be observed. They then fix a penalty for violation of the ordinances in question and authorize the City Commission to cancel permits for misconduct of the holders and limit the term of any permit to a period of one year. Section 7 of ordinance number 562 provides that if any section or part of the act be held invalid, void, or unconstitutional, such shall not affect the validity of the remaining portion of the act.

■ It must be presumed in the absence of evidence to the contrary that city ordinances are valid. An ordinance such as each of these should be construed in its entirety, giving effect to every part of it and it should be construed most strongly against the contestant and most liberally in favor of the best interest of the public. Ordinances are to be construed according to the ordinary meaning of the language used therein, and the proper grammatical effect of their arrangement, but a literal construction will not be given where it will defeat the purpose of the ordinance. The intention of the City Commission should be ascertained, if possible, in construing a city ordinance and the manifest purpose of the ordinance must be given effect, if it is capable of such construction, so as to express its real purpose and not what its pur-

pose might have been. An ordinance should be reasonably construed and not in a manner repugnant to common sense and it should be construed more as to substance rather than as to form. Any reasonable doubt as to its construction or validity should be resolved in its favor and if it be susceptible of two constructions, one valid and the other void, the former should be chosen, especially if it be for the best interest of the general public. Applying these rules of construction and others we have observed to the ordinances in question, we believe they are not discriminatory, vague, nor indefinite and are not in violation of "due process of law" but that they are valid ordinances. 43 C.J., pages 570 to 573, Sections 906 to 915; Fletcher v. Bordelon, Tex.Civ.App., 56 S.W.2d 313, and other authorities there cited; Harvey v. City of Seymour, Tex.Civ.App., 14 S.W. 2d 901.

Defendants complain that the trial court erred in granting a temporary injunction and particularly in granting all the relief sought on the merits of the case rather than to merely maintain status quo until a hearing could be had on the merits. "Status quo" means "the last actual, peaceable, noncontested status of the parties to the controversy which preceded the pending suit". Terry v. City of Dallas, Tex. Civ.App., 175 S.W.2d 97, 98. According to the findings of the trial court, which are binding in the absence of a statement of facts, the operation of the taxicabs by defendants without a permit was unlawful. Plaintiffs were operating taxicabs lawfully and were entitled to protection temporarily against competition carried on in violation of the law and such protection should continue until the case can be heard on its merits. Under the record the trial court was justified in granting a temporary injunction and in stating in its order that an appeal from its order would not have the effect of suspending or superseding the order during the time required for an appeal and we overrule appellants' complaints to the contrary. Tugwell v. Eagle Pass Ferry Co., 74 Tex. 480, 9 S.W. 120 and 13 S.W. 654; Woolf v. Del Rio Motor Transp. Co., Tex.Civ.App., 27 S.W.2d 874;

Houston Funeral Home v. Boe, Tex.Civ. App., 78 S.W.2d 1091.

Defendants contend that the order restraining them from operating their taxicabs is not specific enough to meet the requirements of Rules 682 and 683, Texas Rules of Civil Procedure. The order of the trial court enjoined defendants from "operating, either collectively or individually, a taxicab business in the City of Lubbock, Lubbock County, Texas, without first complying with the provisions of Ordinance number 562 as amended by Ordinance number 608, duly passed by the City Commission of the City of Lubbock." It further enjoined them from "holding themselves out to the public or operating a taxicab business in said City of Lubbock until they comply with the terms of said ordinances". The order sets forth the reasons for its issuance, describes in reasonable detail the acts sought to be enjoined, and makes it clear upon whom the order is binding. We think the order is easily understood and it is specific enough to meet the provisions of the rules referred to and the law generally. We therefore overrule defendants' contentions to the contrary.

Defendants complain because the trial court granted a temporary injunction to the intervener. The trial court properly permitted the intervener to intervene and resist the attack made upon the validity of its ordinances by defendants. Intervener likewise adopted the pleadings of the plaintiffs in so far as they applied to the interest of the city and of the general public. Its pleadings and the record before us justify the trial court in granting it the temporary relief sought.

Defendants' final point of error complains because the trial court did not grant them a further postponement of the hearing after the intervener came into the case. The trial court examined the pleadings and stated in effect that he saw no new material issues raised by intervener but the hearing was postponed for a period of 24 hours. Defendants have failed to show any injury to them by reason of no further postponement of the hearing. Such matters are left to the sound discretion of the trial court unless they are abused.

However, if error was committed in refusing a further postponement of the hearing, it was a harmless error and defendants' fifth point of error is therefore overruled.

We have carefully examined all assignments of error and the record but have failed to find any reversible errors. The judgment of the trial court is therefore affirmed.