**CARTER et ux. v. CITY OF HOUSTON.**
No. 12506.

Court of Civil Appeals of Texas. Galveston.
Feb. 5, 1953.

Hamblen & Bobbitt, and W. J. Mills, Houston, for appellants.

Will Sears, City Atty., and Richard H. Burks, Asst. City Atty., Houston, for appellee.

MONTEITH, Chief Justice.

On August 7, 1951 the City of Houston brought condemnation proceedings in the County Court at law of Harris County seeking condemnation of appellants' property for street purposes, and on November 19, 1951 the commissioners appointed by the court made and filed their award in the trial court, assessing the value of the land condemned and appellants' damages in the amount of $12,650. Within the time allowed by law, both appellants and appellee filed an appeal from the award of the commissioners. Thereafter, on the 2nd day of July, 1952, the City of Houston deposited the amount of such award, $12,650, in the registry of the court and took possession of the land involved.

On July 30, 1952, the Carters filed an application for payment of the award to them. On August 7, 1952, the City filed an answer opposing the Carters' application for payment of the award to them, together with a cross-action for temporary injunction.

In a hearing before the court without a jury, the City's application for a temporary injunction enjoining appellants from appropriating or going into possession of the fund on deposit was granted. The court denied the Carters' application for disbursement of the funds on deposit.

At the request of appellants the court prepared and caused to be filed his findings of fact and conclusions of law. The court found that the City of Houston would suffer irreparable damage if appellants were permitted to withdraw the amount of the commissioners' award prior to a final trial in this cause. The trial court concluded as a matter of law that the deposit of the sum of $12,650 made by the City of Houston, was made at a time when the City had filed objections and was appealing from the award of the commissioners and that it was made solely to serve as security for payment of final judgment and to enable the City of Houston to take possession of the premises during the pendency of the suit. The court found that said money deposited by the City of Houston, having been placed there by appellee under the provisions of Art. 3268, V.A.T.S., remained the property of the City of Houston, subject to the final outcome of the suit, and that appellants were not entitled to have the award paid to them prior to the final adjudication of the amount payable to them on the final trial of said suit; that the City of Houston would suffer immediate and irreparable damage, for which it had no adequate remedy at law if the money is wrongfully appropriated by the defendants since they were not entitled to have the same paid to them prior to the final adjudication of the amount payable on the final trial of said suit.

■ Appellants rely on two points of assigned error. Under their first point, they contend that a temporary injunction was improperly granted for the reason that the award of the commissioners was placed in the registry of the court by appellee under the provisions of said Art. 3268, subject to the order of the appellants and that the provisions of said Article constitute a plain and unambiguous mandate that the deposit should have been given to the appellants upon their request.

Art. 3268, Sec. 1, provides that if the plaintiff in a condemnation proceeding should desire to enter upon and take possession of the property sought to be condemned, pending litigation, it may do so at any time after the award of the commissioners.

In the instant case it is undisputed that no tender was made of the award to appellants by appellee; that the fund is owned by the appellee, City of Houston, and that it was deposited in the registry of the court as security to the appellants for the payment to them of the adjudicated amount of damages to which they might become entitled.

This construction of said Article 3268 is, we think, borne out by Section 2 of said Article. It provides that " * * * it shall deposit in said Court a further sum of money equal to the amount of the damages awarded by the Commissioners, and which shall be held, together with the award itself, should it be deposited in Court instead of being paid, exclusively to secure all damages that may be awarded or adjudged against the plaintiff; * * *."

The case of City of Rosebud v. Vitek, Tex.Civ.App., 210 S.W. 728, 730 (writ of error dismissed), was a condemnation suit in which the commissioners appointed made and filed their report assessing the owner's damages at $688. The City of Rosebud filed its objections to the award and paid into the registry of the court the sum of $688. The owner Vitek requested that the award be paid to him. The court, in its opinion, said, "We call attention to the language of article 6530, subd. 2, R.S., wherein it is provided that the award and a like amount must be deposited in the court, 'which shall be held, together with the award itself, * * * to secure all dam-

ages that may be awarded or adjudged against the plaintiff.' Clearly this contemplated that the award shall not be paid to the defendant pending the suit."

The principle of law laid down in the City of Rosebud v. Vitek case was affirmed by the Commission of Appeals, and approved by the Supreme Court in the case of Texarkana & Ft. S. Ry. Co. v. Brinkman, 292 S.W. 860.

Under their second point appellants contend that the trial court erred in granting a temporary writ of injunction because appellee did not show any irreparable injury or that ample legal remedy was not available to appellee.

In passing upon appellee's application for a temporary injunction, the trial court must have taken judicial knowledge of Art. 4642, V.A.T.S., which provides in part as follows: "Judges of the district and county courts shall, in term time or vacation, hear and determine applications for and may grant writs of injunction returnable to said courts in the following cases: * * * 2. Where a party does some act respecting the subject of pending litigation or threatens or is about to do some act or is procuring or suffering the same to be done in violation of the rights of the applicant when said act would tend to render judgment ineffectual."

■ In the case of Gillian v. Day, Tex. Civ.App., 181 S.W.2d 327, 328, this Court said, "It has been uniformly held in this State that the trial court has the duty to grant temporary injunctions where there is substantial controversy and one party is committing or threatening immediate commission of any act which will destroy the status quo of the property involved before a full hearing can be had on the merits of the case. * * *

■ "It is the settled law in this State that the granting or refusal of a temporary injunction is within the sound discretion of the trial court, and that the action of the trial court is not reviewable upon appeal, unless it clearly appears from the record that there has been an abuse of such discretion. Harris County et al. v. Bassett et al., Tex.Civ.App., 139 S.W.2d 180, writ refused, and cases there cited."

■ In the case of Berwald's, Inc., v. Brown, Tex.Civ.App., 69 S.W.2d 221, 223 (no writ history), the court held, in its opinion, "The pivotal question in these and many other cases is whether the available legal remedy is adequate, full, and complete for the entire relief sought? If any phase of the litigation involves a cause of action for which there is no specific legal remedy, then a court of equity has jurisdiction to grant injunctive relief.

"It is no answer to say that appellant has an adequate remedy at law, in that he could have filed the proceedings for the trial of the right of property, and leave the element of damages, incident to the closing and ruining of his business, to a common-law action for damages, for the reason such would involve the bringing of separate and independent suits, productive of multiplicity and vexation."

In 43 C.J.S., Injunctions, § 23, p. 448, it is said, "Acts which destroy or result in a serious change of property either physically or in the character in which it has been held or enjoyed have been held to do an irreparable injury."

In Tex.Jur. Vol. 24, page 121, it is said, "It is settled that the granting or denial of a temporary injunction is largely discretionary with the court, provided a case for relief is made by the pleadings, and the injunction will tend only to preserve the status quo, or is sought to protect the jurisdiction. The court's action in this respect will be disturbed upon appeal only when an abuse of discretion clearly appears."

In the case of Southwestern Greyhound Lines, Inc., v. Railroad Commission of Texas, 128 Tex. 560, 99 S.W.2d 263, 270, 109 A.L.R. 1235, the Supreme Court held that, "The granting or refusing of a temporary injunction is a matter that rests within the sound discretion of the trial court, and unless it appears from the record that the court has abused that discretion, the action of the court is not subject to review on appeal."

■ The deposit of the $12,650 award made by the City of Houston was made at a time when the City had filed objections and was appealing from the award of the commissioners and was made solely to serve as security for payment of final judgment and to enable the plaintiff, City of Houston to take possession of the premises during the pendency of the suit.

We have carefully considered all points of error relied on by appellants and, finding no reversible error, the judgment of the trial court is in all things affirmed.