**METZGER DAIRY OF SAN ANTONIO**

v.

**CITY OF LAREDO.**

No. 12718.

Court of Civil Appeals of Texas.

San Antonio.

April 28, 1954.

Rehearing Denied June 9, 1954.

Marion R. McClanahan, San Antonio, for appellant.

Mann & Byfield, Frank Y. Hill, Laredo, Bobbitt, Brite & Bobbitt, San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from a temporary injunction restraining appellant, Metzger Dairy of San Antonio, its officers, employees and agents, from selling or offer- ing to sell its milk and milk products in the City of Laredo or within its police jurisdiction.

The hearing below was upon bill and answer, and the question for determination is a comparatively narrow one, namely, May appellant, under the undisputed facts disclosed by the pleadings, sell and offer for sale its milk products within the City of Laredo or its police jurisdiction, without having applied for a permit to do so, as required by the milk ordinance of the city?

The City of Laredo, by a verified petition, alleged that the governing body of the city adopted a comprehensive milk ordinance in accordance with the provisions of Article 165-3, Vernon's Ann.Civ.Tex. Stats., which became effective on December 31, 1947. A copy of this ordinance was attached to and made a part of the petition and, among other things, provides that, "It shall be unlawful for any person to bring into or receive into the City of Laredo, or its police jurisdiction, for sale or to sell, or offer for sale therein, or to have in storage where milk or milk products are sold or served, any milk or milk product defined in this ordinance, who does not possess a permit from the health officer of the City of Laredo, or whose permit has been revoked or suspended." (The wording of the temporary injunction followed in substance the provisions of this section of the ordinance.)

It was further alleged that on March 4, 1954, Metzger Dairy of San Antonio, without making application for a permit, commenced to sell and deliver its milk products within the City of Laredo. The city sought a declaratory judgment with reference to the legality of its ordinance and requested a temporary injunction which was granted and has been heretofore described.

It affirmatively appears from the dairy company's pleading that it did not, prior to March 4, 1954, and had not up to the time of the filing of the answer, made application for a permit as required by the ordinance. The answer also sets out numerous matters which appellant contends renders

various prerequisites to obtaining a permit invalid. In the main, it is contended that these ordinance provisions are contrary to the State law, Article 165–3, Vernon's Ann. Tex.Stats. Appellant relies upon such authorities as City of Port Arthur v. Carnation Company, Tex.Civ.App., 238 S.W.2d 559; City of El Paso v. Russell Glenn Distributing Company, Tex.Civ.App., 237 S.W. 2d 818; City of Abilene v. Tennessee Dairies, Tex.Civ.App., 225 S.W.2d 429, and McClendon v. City of Hope, 217 Ark. 367, 230 S.W.2d 57, 58.

■ Appellee makes some contention that this case is governed by a suit tried in the court below during the year 1949, wherein an agent of Foremost Dairies was a defendant. It is said that the milk ordinance of the City of Laredo was upheld in that suit. We do not believe that a judgment rendered against one dairy company or its agent would bind another dairy company which was not a party to the suit. The principle of virtual representation applicable under certain conditions to a city and its citizens is not applicable to competing business organizations, and it does not appear that the 1949 suit was a class suit brought within the provisions of Rule 42, Texas Rules of Civil Procedure.

[3] A more serious and in fact fatal objection to appellant's position with reference to the issuance of the temporary writ is the admitted failure of appellant to apply for a permit. It has been held that such application is a prerequisite to court action. In Beene v. Bryant, Tex.Civ.App., 201 S.W.2d 268, 271, it was said that, "The rule has often been cited and recognized by our State courts that one who has made no application for a license or permit under a licensing ordinance cannot attack its validity but one who has made application and has been refused such may attack the validity of the ordinance. 43 C.J. 557, Sec. 871; Kissinger v. Hay, 52 Tex.Civ.App. 295, 113 S.W. 1005; City of Graham v. Seal, Tex.Civ.App., 235 S.W. 668; Dallas Taxicab Co. v. City of Dallas, Tex.Civ. App., 68 S.W.2d 359; Ex parte Bogle, 78 Tex.Cr.R. 1, 179 S.W. 1193."

The ordinance involved contains a clause which provides that, "Should any section, paragraph, sentence, clause, or phrase of this ordinance be declared unconstitutional or invalid for any reason, the remainder of said ordinance shall not be affected thereby." Considering this clause, we are unwilling to say that all provisions of the ordinance relating to the obtaining of a permit are nugatory and void and wholly ineffective, even though some of them might conflict with the statute. Berry v. City of Ft. Worth, 132 Tex. 599, 124 S.W. 2d 842. The statute itself, Article 165–3, § 3, makes reference to an application for a permit to be issued by the city health officer of an incorporated city and we are unwilling to hold that a dairy company, without applying for a permit, may forthwith proceed to sell its milk or milk products in the city.

For the reasons stated, the trial court did not err in granting the temporary injunction to maintain the status quo pending trial of the case upon its merits. Carter v. City of Houston, Tex.Civ.App., 255 S.W.2d 336; Parrino v. Dubois, Tex.Civ. App., 220 S.W.2d 305; Pendleton v. Crabtree, Tex.Civ.App., 214 S.W.2d 675.

The order appealed from is affirmed.