David C. MEYERS, et al., Plaintiffs,

Charles C. Deacy, Chief of the Receivership Division, Department of Insurance, State of Alabama, Plaintiff-Appellee,

v.

Shearn MOODY, Jr., Defendant-Appellant.

No. 83–1332
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 23, 1984.

W. Briscoe Swan, Houston, Tex., for defendant-appellant.

Wright & Patton, William E. Wright, Houston, Tex., James W. Webb, Montgomery, Ala., for plaintiff-appellee.

Robert L. Blumenthal, Mark S. Werbner, Jonathan Thalheimer, Dallas, Tex., for Ward.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Shearn Moody, Jr. brings this interlocutory appeal challenging the district court's issuance of a preliminary injunction restraining him from "secreting, moving, disposing of, hypothecating, wasting, dissipating or transferring" any assets pending efforts by the appellee to satisfy a judgment won against Moody more than three and a half years ago. Moody asserts that the preliminary injunction is not supported by the evidence before the district court and that the wording of the injunction is ambiguous and overly broad.

The granting of a preliminary injunction rests in the sound discretion of the district court, and will be overturned only on a showing of abuse of that discretion. *Commonwealth Life Insurance Co. v. Neal,* 669 F.2d 300, 303 (5th Cir.1982); *Foley v. Alabama State Bar,* 648 F.2d 355 (5th Cir. 1981). The factual findings made here by the district court are amply supported by evidence advanced by the appellee. *Matuszak v. Houston Oilers, Inc.,* 515 S.W.2d 725, 728 (Tex.Civ.App.1974). Moody's activities since the institution of this lawsuit must engender some suspicion that he is attempting to place assets beyond the reach of his judgment creditor. Under these circumstances, no abuse of discretion appears in the issuance of the preliminary injunction. Moody's assertion that his financial transactions, though legitimate, are too complex to be understood by appellee and, implicitly, by the district court, requires no response.

The preliminary injunction order issued by the district court meets the specificity requirements of Fed.R.Civ.P. 65(d). The judgment against Moody which appellee seeks to execute exceeds the aggregate value of Moody's reported assets; consequently it is appropriate for the preliminary injunction to extend to all of Moody's assets. Any waste, dissipation, or transfer of assets by Moody has a direct impact on appellee's potential ultimate recovery. *See Carter v. City of Houston,* 255 S.W.2d 336, 338 (Tex. Civ.App.1953). A similar preliminary injunction was recently upheld by the Sixth Circuit in *USACO Coal Co. v. Carbomin Energy, Inc.,* 689 F.2d 94 (6th Cir.1982).

Moody complains that the preliminary injunction makes no exemption for living expenses and day-to-day business transactions. The trial judge orally assured Moody that ordinary living expenses were not a subject of the injunction, and we are satisfied that Moody faces no threat of contempt on this account. As to everyday business expenses, we must read the trial court's failure to exempt them from the order to mean that Moody is prohibited from moving or expending any funds for business purposes.[1] In light of the facts

---

1. This question was placed explicitly before the district court at the preliminary injunction hearing, and counsel for appellee urged the court not to exempt such expenses:

that Moody is evidently not engaged in any traditional business and that all of his reported assets are subject to the appellee's execution of judgment, even so strict a preliminary injunction does not constitute an abuse of discretion. If Moody can establish that his normal business activities will effect no diminution of the assets available to satisfy the judgment, he is free to move the trial court for modification of the preliminary injunction, something he has not done thus far.

AFFIRMED. Costs to be borne by Appellant.

THE COURT: All right. What about the exempting transactions in the ordinary course of business?

MR. BLUMENTHAL: Your Honor, I think that there really ought not to be any ordinary course of business at this point except for living expenses. We have an eleven million dollar Judgment and execution ought—it's a six million dollar Judgment with interest, it's now in excess of eleven million dollars.

In view of this exchange we cannot suppose that the failure to exempt business expenses was accidental.