**REPUBLICBANK DALLAS, NATIONAL ASSOCIATION, Plaintiff-Appellee,**

v.

**Burt H. McINTOSH, Charles L. Snyder, Stan Patton and William D. Flemister, Defendants-Appellants.**

No. 87–1169

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 8, 1987.

Joseph A. McCormick, D. Kevin Ikenberry, McCormick, Andrew & Clark, Tulsa, Okl., for defendants-appellants.

Robert T. Mowrey, Susan L. Karamanian, Locke, Purnell, Boren, Laney & Neely, Dallas, Tex., for plaintiff-appellee.

Before GEE, JOHNSON, and JONES, Circuit Judges.

PER CURIAM:

The appellants are guarantors of two notes aggregating slightly less than one and one-half million dollars executed by an Oklahoma limited partnership and secured by real property located in that state. They assert error in the refusal of the trial court to dismiss or stay this action—one by the noteholder on their guaranties—pending the outcome of a state-court action in Oklahoma against the limited partnership to collect the notes and foreclose on the real property. Because they are the general partners in an entity which is the general partner in the limited partnership, they assert that the actions are parallel ones and that this should be stayed to avoid piecemeal litigation.

We have previously held that the denial of a stay in this case was, in effect, the refusal of an injunction and hence appealable under 28 U.S.C. § 1292(a)(1). That being so, we may disturb the decision of the trial court only if it constituted an abuse of discretion. *Meyers v. Moody*, 723 F.2d 388 (5th Cir.1984). It was not, and we affirm.

Even in the instance of truly parallel cases, one pending in state and the other in federal court, current Supreme Court authority indicates that "only the clearest of justifications" will warrant the federal court's staying its hand. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 819, 96 S.Ct. 1236, 1247, 47 L.Ed.2d 483 (1976). *See* also *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 28, 103 S.Ct. 927, 943, 74 L.Ed.2d 765 (1982). But these actions are not parallel ones. We define such actions as those "involving the same parties and the same issues." *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir.1973). *See* also *Mendiola v. Hart*, 561 F.2d 1207, 1208 (5th Cir.1977) ("the same parties and issues"). And although it may be that there need not be applied in every instance a mincing insistence on precise identity of these, in this case the question is not even a close one.

It is true that the general subject matter of the two actions is the same, and that the validity of the promissory note is a common issue between them. The other issues are disparate, however, and the parties are not the same. The appellee bank sued only the limited partnership in Oklahoma, and an issue there is the enforceability of the mortgage. In our case, the guarantors are parties and the guaranty agreement is at issue.

AFFIRMED.